Slip Op. 26-96

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **TIANJIN MAGNESIUM INTERNATIONAL CO., LTD. AND TIANJIN MAGNESIUM METAL CO., LTD.,** | |
| Plaintiffs, | **Before: Timothy M. Reif, Judge** |
| v. | **Court No. 25-00002** |
| **UNITED STATES,** | |
| Defendant. | |

## OPINION

[Denying plaintiffs' motion for reconsideration.]

Dated: August 14, 2026

David J. Craven, Craven Trade Law LLC, of Chicago, IL, for plaintiffs Tianjin Magnesium International Co., Ltd. and Tianjin Magnesium Metal Co., Ltd.

Sosun Bae, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant United States. With her on the brief were Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director and Franklin E. White, Jr., Assistant Director. Of counsel was Paul Thornton, Attorney, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

\*       \*       \*

Reif, Judge: Before the court is the motion for reconsideration of plaintiffs Tianjin Magnesium International Co., Ltd. and Tianjin Magnesium Metal Co., Ltd. *See* Mot. Pursuant to Rule 59(a) Mot. for Recons. ("Pls. Br."), ECF No. 29. Plaintiffs argue that the court should reconsider the opinion and order of March 13, 2026, because "the findings in the opinion are inconsistent and contradictory." Pls. Br. at 2.

Defendant United States opposes the motion. *See* Def.'s Resp. to Pls.' Mot. for Recons. ("Def. Br."), ECF No. 30.

For the reasons discussed below, the court denies plaintiffs' motion for reconsideration.

## BACKGROUND

The court presumes familiarity with the facts as set out in *Tianjin Magnesium International Co. v. United States* ("*Tianjin Magnesium I*"), 50 CIT __, __, 823 F. Supp. 3d 1350, 1354-56 (2026), and recounts only those facts relevant to the issues raised in the instant motion.

On March 13, 2026, the Court sustained in part and remanded in part the final results of Commerce in the administrative review of the antidumping ("AD") order on pure magnesium from the People's Republic of China ("China") for the period of review ("POR") May 1, 2022, through April 30, 2023. *Id.* at __, 823 F. Supp. 3d at 1365; *see also Pure Magnesium from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2022-2023* ("*Final Results*"), 89 Fed. Reg. 100,967 (Dep't of Commerce Dec. 13, 2024) and accompanying Issues and Decision Memorandum ("IDM") (Dep't of Commerce Dec. 6, 2024).

On April 11, 2026, plaintiffs filed a motion for reconsideration of the Court's opinion and order. *See* Pls. Br.

On May 18, 2026, defendant filed its response in opposition to the motion. *See* Def. Br.

## JURISDICTION AND STANDARD OF REVIEW

28 U.S.C. § 1581(c) grants to this Court "exclusive jurisdiction of any civil action commenced under section 516A or 517 of the Tariff Act of 1930." Section 516A of the Tariff Act of 1930 provides that in an action under 19 U.S.C. § 1516a(a)(2), the court will hold unlawful any determination, finding or conclusion that is "unsupported by substantial evidence on the record, or otherwise not in accordance with law."[1] 19 U.S.C. § 1516a(b)(1)(B)(i).

In general, a court may grant a motion for reconsideration brought under USCIT Rule 54(b) [2] "as justice requires, meaning when the court determines that reconsideration is necessary under the relevant circumstances." *Irwin Indus. Tool Co. v. United States*, 41 CIT __, __, 269 F. Supp. 3d 1294, 1300-01 (2017) (internal quotation marks omitted) (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)).

This Court has stated that "grounds for reconsideration include 'an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice.'" *Keystone Auto. Operations, Inc. v. United States*, 49 CIT __, __, 781 F. Supp. 3d 1362, 1366 (2025)

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2024 edition.

[2] Plaintiffs bring the instant motion under USCIT Rule 59(a), which is not the proper rule for the reconsideration of a non-final judgment. *See Keystone Auto. Operations, Inc. v. United States*, 49 CIT __, __ n.1, 781 F. Supp. 3d 1362, 1366 n.1 (2025) ("USCIT Rule 54(b) is appropriate because a final judgment has not yet been rendered in this case, and thus USCIT Rule 59 pertaining to final judgments is not appropriate here."); *see also NEXTEEL Co. v. United States*, 43 CIT __, __, 389 F. Supp. 3d 1343, 1347 (2019). For that reason, the court will consider plaintiffs' motion under Rule 54(b).

(quoting *Ford Motor Co. v. United States*, 30 CIT 1587, 1588 (2006)).  "The court will not grant such a motion 'merely to give a losing party another chance to re-litigate the case or present arguments it previously raised.'"  *Totes-Isotoner Corp. v. United States*, 32 CIT 1172, 1173, 580 F. Supp. 2d 1371, 1374 (2008) (quoting *Salmon Spawning & Recovery All. v. Basham*, 31 CIT 706, 706 (2007)); *Keystone Auto. Operations, Inc.*, 49 CIT at __, 781 F. Supp. 3d at 1366.

## DISCUSSION

The court concludes that plaintiffs fail to demonstrate that reconsideration is necessary.

Plaintiffs argue that "the Court should reconsider its opinion and re-analyze its determination in light of the fact that Commerce's preference was inapplicable as both Bulgaria and Turkey produced identical merchandise and the key is the underlying quality of the data."  Pls. Br. at 3-4.  Plaintiffs take issue with the Court's conclusion in *Tianjin Magnesium I* that Commerce's selection of Turkish production data was reasonable and supported by substantial evidence.  *See id.*; *Tianjin Magnesium I*, 50 CIT at __, 823 F. Supp. 3d at 1356-60.

In *Tianjin Magnesium I*, the Court held that Commerce erred in concluding that Bulgaria did not produce identical merchandise during the POR, but that such error was harmless given Commerce's reasonable determination that the Turkish data were superior.  *Tianjin Magnesium I*, 50 CIT at __, 823 F. Supp. 3d at 1356-57.  Plaintiffs take issue with the following statement of the Court:

> In sum, Commerce was presented with a choice between: (1) Turkish production data for *identical* merchandise some of which was [sic] slightly non-contemporaneous; and (2) Bulgarian production data for arguably *comparable* merchandise that was [sic] contemporaneous.

> Commerce's selection of the first option was reasonable given Commerce's longstanding preference for data on identical rather than comparable merchandise.

*Id.* at __, 823 F. Supp. 3d at 1360.

Plaintiffs argue that the above statement constituted a "contradictory finding[]" given the earlier conclusion of the court that Bulgaria was a producer of identical merchandise during the POR. Pls. Br. at 3. Simply put, plaintiffs misread the Court's opinion.

In discussing "Bulgarian production data for arguably comparable merchandise," the Court was not referring to the data that established Bulgaria as a producer of identical merchandise because such data were GTA *export* data, not production data. *See Tianjin Magnesium I*, 50 CIT at __, 823 F. Supp. 3d at 1360. The production data referred to in the challenged statement were contained in a "screenshot of a webpage in which a Bulgarian aluminum company claims to 'have a total capacity of 100 thousand tons per year' for the production of 'flat-rolled and extruded aluminum products,' which are not covered by the scope of the order." *Id.* at __, 823 F. Supp. 3d at 1360 (quoting Letter from Craven Trade Law LLC to Sec'y of Commerce Pertaining to TMMC SV Cmts., Ex. SV-1, PR 34). Accordingly, the production data regarding the Bulgarian aluminum company may be described accurately as "Bulgarian production data for arguably comparable merchandise." *Id.* at __, 823 F. Supp. 3d at 1360.

As the Court discussed in its opinion, production data are not export data. Plaintiffs conflate the two here in an attempt to "re-litigate the case." *Totes-Isotoner Corp.*, 32 CIT at 1173, 580 F. Supp. 2d at 1374. That attempt fails.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion for reconsideration is hereby

**DENIED.**

**SO ORDERED.**

/s/      Timothy M. Reif
Timothy M. Reif, Judge

Dated: August 14, 2026
New York, New York